## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| DAVID TURNER, *et al*., | |
| *Plaintiffs*, | |
| v. | No. 1:20-cv-11006-NMG |
| SCHNEIDER ELECTRIC HOLDINGS, INC., *et al*., | CLASS ACTION |
| *Defendants*. | |

## STIPULATION REGARDING CLASS CERTIFICATION AND ADJUDICATION OF PLAINTIFFS' CLAIMS ON A CLASS BASIS

Plaintiffs, participants in the Schneider Electric 401(k) Plan ("Plan"), filed a complaint on May 26, 2020 (the "Complaint") (ECF No. 1), alleging class action claims under the Employee Retirement Income Security Act of 1974, as amended, ("ERISA") against Schneider Electric Holdings, Inc., the Schneider Electric Holdings, Inc. Benefits Committee, the Schneider Electric Holdings, Inc. Investment Committee (collectively "Schneider Electric Defendants"), Aon Hewitt Investment Consulting, Inc. (nka Aon Investments USA, Inc. or "Aon"), and John Does 1–14, for breach of fiduciary duties and prohibited transactions under ERISA.

In particular, Plaintiffs' Complaint alleges that Defendants violated their fiduciary duties imposed by 29 U.S.C. §1104(a)(1)(A)–(B) and also violated ERISA's prohibited transaction provisions (§1106(a)) by: causing the Plan to use proprietary Aon investments (Count I – Schneider Electric Defendants and Aon); causing the Plan to pay unreasonable investment management expenses (Count II - Schneider Electric Defendants); causing the Plan to pay unreasonable recordkeeping fees (Count III - Schneider Electric Defendants); causing the Plan to

incur unreasonable managed account fees (Count IV – Schneider Electric Defendants); failing to monitor the Plan's fiduciaries (Count V - Schneider Electric Defendants); and engaging in prohibited transactions (Count VI - all Defendants and Count VII – Aon).

On March 26, 2021, the Court granted in part and denied in part the Defendants' motions to dismiss the Complaint (ECF No. 57). In particular, the Court denied Schneider Electric's motion with respect to the imprudence claims in Counts I−IV and Count V but otherwise granted Schneider Electric's motion. *Id*. at 26.  The Court denied Aon's motion with respect to Count I but otherwise granted Aon's motion. *Id.*

For these remaining claims, Plaintiffs seek certification the following Class:

All participants and beneficiaries of the Schneider Electric 401(k) Plan from May 26, 2014 through the date of judgment, excluding the Defendants.

And the following Subclass:

All participants and beneficiaries of the Schneider Electric 401(k) Plan who utilized the Plan's managed account services from May 26, 2014 through the date of judgment, excluding the Defendants.

Plaintiffs contend that the proposed class and subclass are ascertainable; they satisfy the four requirements of Rule 23(a) and the requirements of Rule 23(b)(1)(A) and (B); their proposed class counsel (Schlichter Bogard and Denton LLP) has the requisite experience, knowledge and resources to prosecute these claims, will fairly and adequately represent the interests of the class and subclass, and thus should be appointed class counsel under Rule 23(g); and that Plaintiffs will fairly and adequately represent the interests of the class and subclass.

Defendants dispute Plaintiffs' statements and allegations in the Amended Complaint except to the extent stipulated herein.  Defendants agree that Plaintiffs' claims specified and articulated herein with regard to the Class as identified above are appropriate for certification

because they meet the requirements for same set forth in Rule 23.  The Schneider Electric

Defendants agree that Plaintiffs' claims specified and articulated herein with regard to the

Subclass as identified above is appropriate for certification because it meets the requirements for

same set forth in Rule 23.  Aon will not oppose the certification of the Subclass.

**WHEREFORE, THE PARTIES HEREBY STIPULATE AS FOLLOWS:**

1.      Aon stipulates that the Class meets all four of the requirements of Rule 23(a) and

may be certified under 23(b)(1) of the Federal Rules of Civil Procedure with respect to Counts I,

VI, and VII,  in the Complaint that are enumerated and summarized above as limited by the Court's

March 26, 2021 Order (ECF No. 57).  The Schneider Electric Defendants stipulate that the Class

and Subclass meet all four of the requirements of Rule 23(a) and may be certified under 23(b)(1)

of the Federal Rules of Civil Procedure with respect to the five remaining claims in the Complaint

that are enumerated and summarized above as limited by the Court's March 26, 2021 Order (ECF

No. 57).   The claims that will be tried on a class basis are those set forth in Plaintiffs' Complaint,

subject to the Court's Order (Dkt. No. 57) partially granting Defendants' motions to dismiss.

2.      A Class and Subclass shall be defined as and shall consist of:

Class
All participants and beneficiaries of the Schneider Electric 401(k) Plan from May
26, 2014 through the date of judgment, excluding the Defendants.

Subclass
All participants and beneficiaries of the Schneider Electric 401(k) Plan who
utilized the Plan's managed account services from May 26, 2014 through the date
of judgment, excluding the Defendants.

3.      The members of the Class and Subclass number in the thousands and are so

numerous that joinder of all members is impracticable.

4.      Common questions of law and fact exist with respect to all members of the Class and Subclass, including questions as to: (1) whether the Defendants were fiduciaries of the Plan with respect to the conduct alleged; (2) whether Defendants breached any applicable fiduciary duties in each respect alleged by Plaintiffs; and (3) whether the Plan suffered losses from these alleged breaches and, if so, how to calculate such losses.

5.      Plaintiffs declare that the Named Plaintiffs have standing to bring their claims as asserted in the Complaint and their claims are typical of the claims of the members of the Class and Subclass in that, among other things, they were participants in the Plan during the relevant time period and, for each of the five remaining claims for relief enumerated above, there is at least one named Plaintiff whose alleged injuries arise from the same practice or course of conduct as do the alleged injuries of the Plan and similarly situated members of the Class and Subclass. Defendants currently know of no basis on which to contest that declaration.

6.      Plaintiffs declare that they are committed to fairly, adequately and vigorously representing and protecting the interests of the members of the Class and Subclass, do not have any interests that might cause them to refrain from vigorously pursuing the claims specified herein, and, as a result, are adequate to represent the Class and Subclass.  Defendants currently know of no basis on which to contest that declaration and stipulate to same.

7.      Plaintiffs have retained counsel competent and experienced in class action litigation of this nature for this purpose, and Plaintiffs' counsel do not have any interests that might cause them to refrain from vigorously pursuing claims in this class action and, as a result, Plaintiffs' counsel (Schlichter Bogard and Denton LLP) are adequate to represent the Class pursuant to Fed. R. Civ. P. 23(g).

8.     Certification of the Class's and Subclass's claims for relief is appropriate pursuant to Fed. R. Civ. P. 23(b)(1) because the prosecution of separate actions by individual class members would create a risk of inconsistent or varying adjudications which would establish incompatible standards of conduct for Defendants, and/or because adjudications with respect to individual Class members would, as a practical matter, be dispositive of the interests of non-party Class members.

9.     Each of the Named Plaintiffs may be appointed as a class representative for the Class and Subclass.

10.    With the exception of Aon's Affirmative Defense Nos. 9–12 and the Schneider Electric Defendants' Affirmative Defense No. 6, this Stipulation does not waive any affirmative defenses the Defendants may have as to any member of the Class or Subclass.  Any waiver of affirmative defenses deemed to be made by virtue of this Stipulation shall be consistent with, and limited by, the terms of this Stipulation.  Any such waiver would be deemed by the parties to have been voided in the event that the Defendants exercise the options set forth in Paragraph 12.

11.    If, on the basis of this Stipulation or for any other reason, the Court finds that this case is not suitable for certification under Rule 23 of the Federal Rules of Civil Procedure or if the Court alters or amends such certification that limits the relief to which Plaintiffs would be entitled under the allegations of the present complaint, the parties shall file a joint motion for leave to file briefing, both moving and/or opposition briefing, on class certification.

12.    This stipulation is solely for the purpose of resolving class certification in this action and is without prejudice to the parties' legal and equitable rights and defenses in this action.

13.    This Stipulation is without prejudice to any party's ability to seek relief under Rule 23(c)(1)(C) at any time before final judgment, based on a good faith belief based on a change in

circumstances from the present circumstances known or reasonably should be known by any party, that the Class no longer satisfies the requirements of Rule 23(a) or (b)(1). In addition, this Stipulation is without prejudice to any party's ability to challenge class certification or seek any other form of relief if the plaintiffs amend their Complaint.  Such relief may include, without limitation, decertification, modification of the Class definition, or certification of sub-classes. Nothing in this paragraph precludes any party from opposing such a motion.

14.    The parties expressly agree that this Stipulation shall not be construed to be a concession or agreement by Aon that any other class is appropriate to be certified in any other litigation and this Stipulation is without prejudice to Aon's ability to oppose the certification of any other class or sub-class.

DATE: August 27, 2021

/s/ Troy Doles (with consent)
Jerome J. Schlichter
Michael A. Wolff
Troy A. Doles
Heather Lea
Sean E. Soyars
Kurt C. Struckhoff
SCHLICHTER BOGARD & DENTON LLP
100 South Fourth Street, Suite 1200
St. Louis, MO, 63102
(314) 621-6115
(314) 621-5934 (fax)
jschlichter@uselaws.com
mwolff@uselaws.com
tdoles@uselaws.com
hlea@uselaws.com
ssoyars@uselaws.com
kstruckhoff@uselaws.com

*Lead Counsel for Plaintiffs*

Robert T. Naumes, BBO #367660
Christopher Naumes, BBO $671701
NAUMES LAW GROUP
2 Granite Ave, #425
Milton, MA 02186
(617) 227-8444
(617) 696-2437 (fax)
robert@naumeslaw.com
christopher@naumeslaw.com

*Local Counsel for Plaintiffs*

/s/  Margaret H. Warner (with consent)
Sarah E. Walters, BBO #638378
MCDERMOTT WILL & EMERY LLP
200 Clarendon Street, Floor 58
Boston, MA 02116
(617) 535-3800
sewalters@mwe.com

Margaret H. Warner
Jennifer B. Routh
MCDERMOTT WILL & EMERY LLP
500 North Capitol Street, NW
Washington, DC, 20001
(202) 756-8000
mwarner@mwe.com
jrouth@mwe.com

*Counsel for the Schneider Electric Defendants*

/s/ Shannon Barrett
Shannon M. Barrett
Brian D. Boyle
O'MELVENY & MYERS LLP
1625 Eye Street, NW
Washington, DC 20006
(213) 430-6000
(213) 430-6407 (fax)
sbarrett@omm.com
bboyle@omm.com

Stuart M. Sarnoff
William Pollak
O'Melveny & Myers LLP
Times Square Tower
7 Times Square
New York, NY 10036
(212) 326-20000
ssarnoff@omm.com
wpollak@omm.com

John F. Welsh, BBO #52264
Alexandra D. Thaler, BBO #677785
ARMSTRONG TEASDALE LLP
800 Boylston Street, 30th Floor
Boston, MA 02199
(617) 824-5146
adthaler@atllp.com

*Counsel for Defendant Aon Hewitt
Investment Consulting, Inc.*

## CERTIFICATE OF SERVICE

I hereby certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non-registered participants on August 27, 2021.

/s/ Shannon Barrett