```
                    United States District Court
                      District of Massachusetts
 ─────────────────────────────
                              )
David Turner, et al.,         )
                              )
        Plaintiffs,           )
                              )
        v.                    )    Civil Action No.
                              )    20-11006-NMG
Schneider Electric Holdings,  )
Inc., et al.,                 )
                              )
        Defendants.           )
                              )
 ─────────────────────────────
```

**MEMORANDUM & ORDER**

**GORTON, J.**

Plaintiffs are seven former employees of Schneider Electric Holdings, Inc. ("Schneider Electric") who participated in the Schneider Electric 401(k) Plan ("the Plan"). They filed the instant action on behalf of the Plan against Schneider Electric, the two committees that oversee the Plan (collectively with Schneider Electric, "Schneider") and Aon Hewitt Investment Consulting, Inc. ("AHIC"), the Plan's investment manager (collectively, "defendants").

In their complaint, plaintiffs bring a variety of claims under the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. §§ 1001 et seq., arising out of alleged improper investment decisions which resulted in losses to

-1-

participants' retirement savings and excessive administrative fees.

Pending before the Court are six motions, one or more filed by Schneider, AHIC and plaintiffs.

I.  **Background**

   A.  **Factual History**

Schneider Electric is a North American subsidiary of a multinational energy technology company.  It maintains a pension plan as part of its employee benefits package, whereby its employees and former employees may contribute toward their retirement through 401(k) contributions.  The Plan holds over $4.5 billion in assets across all investments.  The Plan offers a range of investment options, including target-date funds and other stock and bond investment choices.  The Schneider Electric Holdings, Inc. Benefits Committee ("Benefits Committee") operates and administers the Plan, while the Schneider Electric Holdings, Inc. Investment Committee ("Investment Committee") manages the assets and selects investments for the Plan.

Since the inception of the Plan in 2010, Schneider has contracted with Vanguard Group, Inc. ("Vanguard") to provide recordkeeping and managed account services.  Schneider also retained AHIC to provide investment consulting services on behalf of the Plan until January, 2016, at which point AHIC

became the Plan's discretionary investment manager. In its new role, AHIC is permitted to select and divest of Plan investments but Schneider retains the right to select additional investment options not recommended or administered by AHIC.

In February, 2017, AHIC replaced several existing Plan investment options, namely Vanguard target date funds, with its own collective investment trusts. Those trusts included the Aon Hewitt Index Retirement Solution passively-managed target date funds ("the Aon target date funds") as well as the actively-managed Aon Hewitt Growth, Income and Inflation Strategy Funds ("the Aon actively-managed funds") (collectively, "the Aon Trusts"). In September, 2017, Schneider exercised its right to add additional investment options to the Plan by including five new Vanguard index funds.

Plaintiffs allege that the defendants replaced well-performing funds with the Aon Trusts for their own financial gain rather than to benefit Plan participants. According to plaintiffs' damages expert, Dr. Edward O'Neal, investments in the Aon Trusts have cost the Plan participants $111,213,865 in retirement savings between February 1, 2017 and June 30, 2020.

Defendants respond, however, that 1) Plan-level returns data indicate that by through November 30, 2021, the Plan assets actually increased in value by $1,435,464 and 2) as of April,

2022, the Plan in fact netted $27 million more in returns for the participants than it would have hypothetically earned in comparator funds.

### B. Procedural History

In May, 2020, plaintiffs filed a seven-count complaint against Schneider and AHIC, seeking to represent a putative class of all participants and beneficiaries of the Plan who had participated since May, 2014.

The complaint alleges that defendants breached their fiduciary duties and violated ERISA's prohibition of certain transactions by causing the Plan to invest in proprietary Aon Hewitt collective investment trusts (Counts I, VI and VII). Plaintiffs also contend that Schneider, specifically, failed to monitor the Plan's other fiduciaries (Count V) and caused the Plan to pay unreasonable investment management fees (Count II), recordkeeping fees (Count III) and managed account fees (Count IV).

Defendants Schneider and AHIC filed separate motions to dismiss, which the Court allowed, in part, and denied, in part, in March, 2021. The Court dismissed the prohibited transactions claims in Counts VI and VII, as well as the duty of loyalty claims in Counts I-IV against Schneider. As a result, the imprudence claims against Schneider in Counts I-IV and Count V

remained viable, as well as Count I against AHIC. Defendant Schneider contends in its motion for partial summary judgment that plaintiffs are no longer pursuing Counts III and IV and, because plaintiffs do not dispute that contention in their opposition, the Court will dismiss those counts.

Therefore, the only remaining claims at this juncture are: Count I (alleging imprudence and disloyalty as to AHIC, but only imprudence as to Schneider) and Counts II and V against Schneider.

The Court will address the parties' six pending motions in the order they were filed.

## II. **Motions for Summary Judgment**

### A. **Legal Standard**

The role of summary judgment is "to pierce the pleadings and to assess the proof in order to see whether there is a genuine need for trial." Mesnick v. Gen. Elec. Co., 950 F.2d 816, 822 (1st Cir. 1991) (quoting Garside v. Osco Drug, Inc., 895 F.2d 46, 50 (1st Cir. 1990)). The burden is on the moving party to show, through the pleadings, discovery and affidavits, "that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a).

A fact is material if it "might affect the outcome of the suit under the governing law . . . ." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986). A genuine issue of material fact exists where the evidence with respect to the material fact in dispute "is such that a reasonable jury could return a verdict for the nonmoving party." Id.

Once the moving party has satisfied its burden, the burden shifts to the non-moving party to set forth specific facts showing that there is a genuine, triable issue. Celotex Corp. v. Catrett, 477 U.S. 317, 324 (1986). The Court must view the entire record in the light most hospitable to the non-moving party and make all reasonable inferences in that party's favor. O'Connor v. Steeves, 994 F.2d 905, 907 (1st Cir. 1993). If, after viewing the record in the non-moving party's favor, the Court determines that no genuine issue of material fact exists and that the moving party is entitled to judgment as a matter of law, then summary judgment is warranted. Celotex Corp., 477 U.S. at 322-23.

**B. ERISA's Duties of Prudence and Loyalty**

Under ERISA, a fiduciary owes plan participants duties of prudence and loyalty. The duty of prudence mandates that a fiduciary act

>with the care, skill, prudence, and diligence under
>the circumstances then prevailing that a prudent man
>acting in a like capacity . . . would use in the
>conduct of an enterprise of a like character.

29 U.S.C. § 1104(a)(1)(B).

To prevail on a breach of the duty of prudence claim in the First Circuit, a plaintiff must first establish that the fiduciary failed to employ appropriate procedures and as a result the retirement plan suffered losses, then the "burden shifts to the fiduciary to prove that such a loss was not caused by its breach." Brotherston v. Putnam Invs., LLC, 907 F.3d 17, 39 (1st Cir. 2018).

ERISA also establishes a duty of loyalty, requiring that a fiduciary

>discharge his duties with respect to a plan solely in
>the interest of the participants and beneficiaries and
>for the exclusive purpose of: providing benefits to
>participants and their beneficiaries; and defraying
>reasonable expenses of administering the plan.

29 U.S.C. § 1104(a)(1)(A). Plaintiffs who claim disloyalty must show that defendants failed to act in the best interests of plan participants and

>[i]t is not enough for a plaintiff to identify a
>potential conflict of interest from the defendant's
>investment in its own proprietary funds.

-7-

Moitoso v. FMR LLC, 451 F. Supp. 3d 189, 204 (D. Mass. 2020). Instead, plaintiffs must demonstrate that "the fiduciary's subjective motivation" was improper. Id.

**C.   Application**

    **1.   Breach of fiduciary duty arising from the selection of the Aon Trusts (Count I)**

Plaintiffs allege that defendants breached their fiduciary duties of loyalty and prudence by removing Vanguard funds from the Plan's investment portfolio and replacing them with Aon funds that had insufficient or nonexistent performance histories. Although Count I is asserted against Schneider and AHIC together, defendants have filed separate motions for summary judgment. Plaintiffs' oppositions to the motions are, however, largely duplicative. In the interest of brevity and efficiency, to the extent the parties' arguments overlap, they will be addressed together.

    **a.   Schneider defendants**

Defendants Schneider and AHIC move for summary judgment on plaintiffs' claims for breach of the duty of prudence relating to the selection of Aon Trusts, asserting that plaintiffs failed to prove that the retirement plans suffered any losses. They submit that the Plan, in fact, accrued a gain of $27 million on assets invested in the Aon Trusts as compared to a hypothetical

investment in the comparator funds through the close of fact discovery. Defendants stress that plaintiffs' decision to calculate alleged losses as of June 30, 2020 was arbitrary and contrives the appearance of a loss to the Plan.

Plaintiffs, citing Brotherston, 907 F.3d at 34, assert that the appropriate damages period is a question of fact to be resolved at trial. Schneider responds, and the Court agrees, that the question of fact referred to by the First Circuit in Brotherston was whether an expert improperly focused on damages at a particular point in time. See Brotherston, 907 F.3d at 34 ("[Defendant] raises some of these issues on appeal, arguing that [plaintiff's expert]'s comparators were not plausible and that he improperly focused on damages at a particular point in time. But these are questions of fact.").

Plaintiffs further argue that even if the June, 2020 cutoff date is inappropriate, its losses continued after that date because Schneider's conduct constitutes multiple breaches. They contend that established trust law does not allow a fiduciary trustee to reduce its liability by profit earned on separate investments. Schneider agrees with that legal proposition but asserts that any alleged breach is a single breach which is appropriately offset by profits. See Restatement (Third) of Trusts § 101 (2012) cmt. a (emphasizing that "in circumstances

-9-

in which it is appropriate to treat the misconduct as a single breach, it would be unduly harsh to hold a trustee liable for the loss without taking into account a related profit.").

The Restatement lists multiple factors to consider when determining whether a single breach constitutes misconduct, including 1) whether the improper acts were the result of a single strategy or policy, 2) the amount of time between the instances of misconduct and the trustee's related awareness of them, 3) whether the trustee intended to commit a breach of trust and 4) whether the profit and loss can be offset without inequitable consequences. Id. cmt. c.

Schneider made only one decision, to approve the specific Aon Trusts it wanted in the Plan portfolio, which is indicative of a single strategy or policy.  As for the third factor, plaintiffs' claim of a breach of the duty of prudence is premised on Schneider's alleged negligence.  Schneider, citing decisions from the Second and Sixth Circuits, maintains that combining gains and losses is permissible in the negligence context. See Trs. of Upstate N.Y. Eng'rs Pension Fund v. Ivy Asset Mgmt., 843 F.3d 561, 570 (2d Cir. 2016); Taylor v. KeyCorp, 680 F.3d 609, 615 (6th Cir. 2012).  Finally, plaintiffs contention that using gains from one Aon trust to offset the losses in another would lead to inequitable consequences because

-10-

participants do not necessarily share ownership in the same trusts. The Court is unpersuaded by that argument because plaintiffs previously sought class treatment for their claims and the putative class includes all Plan participants.

With respect to the question of whether Schneider satisfied its duty of prudence under 29 U.S.C. § 1104(a)(1)(A), the Court doubts that the plaintiffs have proffered any evidence of losses to the Plan. Moreover, contrary to plaintiff's assertions, the Court concludes that Schneider's actions, as alleged, would constitute a single breach. Thus, because plaintiffs have not demonstrated as a matter of law that Schneider acted imprudently in selecting Aon Trusts, Schneider's motion for summary judgment with respect to its duty of prudence arising from the selection of Aon Trusts (Count I) will be allowed.

### b. AHIC defendants

AHIC contends that plaintiffs' decision to calculate loss as of June 30, 2020 is illogical not only because the Plan, in fact, accrued a gain of $27 million through the date of the close of discovery, but also because plaintiffs' experts agree that the conditions that purportedly made the Aon Trusts unsuitable for investment continued to apply after June, 2020.

Plaintiffs' opposition to AHIC's motion is largely duplicative of its opposition to Schneider's motion and fails to

address meaningfully the dispute of the experts.  Rather, it focuses on alleged factual disputes relating to the June, 2020, cutoff date and whether AHIC's actions constituted multiple breaches.  The Court has addressed those arguments above and finds them lacking.  See Moitoso v. FMR LLC, 451 F. Supp. 3d 189, 198 (D. Mass. 2020) ("Plaintiffs will bear the burden of proving the extent of any losses." (citing Brotherston, 907 F.3d at 35)).

Accordingly, defendant AHIC's motion for summary judgment will be allowed and AHIC will be dismissed from this action.

### 2.  Breach of fiduciary duty of prudence arising from unreasonable investment management fees (Count II)

Plaintiffs assert that defendant Schneider provided Plan participants with higher-cost share classes and unreasonable investment management fees.  According to plaintiffs, large retirement plans have substantial bargaining power to negotiate lower fees for investment management services.  Mutual funds often offer several different share classes with varying management costs and fees.  Plaintiffs aver that, absent a compelling reason to opt for a higher-cost share class, prudent fiduciaries should select the lowest-cost share class available to a plan.

Defendant Schneider moves for partial summary judgment on this claim, arguing that, except for three Vanguard share classes, plaintiffs failed to proffer any evidence that lower-cost share classes for the Vanguard funds were available for the majority of Plan investments.[1]  Schneider contends that plaintiffs and their experts failed to prove that the Plan met the investment minimum for any of the so-called lower-cost share classes.

In response, plaintiffs maintain that Vanguard offered Schneider waivers on lower-cost share classes if Schneider agreed to maintain four Vanguard index funds in the Plan.  Their expert, Marek Pfeil, opined that Vanguard's willingness to negotiate was common and consistent with other investment managers who waive minimums and negotiate fees.

Schneider rejoins that Pfeil testified at his deposition that Vanguard was not, in fact, required to grant waivers of investment minimums, he did not know if Vanguard would have granted the Plan a waiver and he was able to recall only two situations when he asked for a waiver of investment minimums on behalf of a client.

---

[1] Plaintiffs allege that the Plan qualified for lower-cost shares for three Vanguard funds which Schneider failed to address in its motion for partial summary judgment and thus Count II remains viable with respect to those three investment options.

Furthermore, Schneider rebuts plaintiffs' allegation that it ignored Vanguard's offer of lower-cost fees, insisting that Vanguard's prior 2016 offer was no longer valid and lower-cost shares were not available for the Vanguard funds added to the Plan in 2017.  Because there is insufficient evidence that lower-cost share classes were in fact available to the Plan, Schneider's motion for partial summary judgment on plaintiffs' claim for breach of the fiduciary duty of prudence arising from unreasonable investment management fees (Count II) is allowed. Count II remains pending with respect to the unaddressed Vanguard Developed Markets Index, the Vanguard Total Bond Market Index and the Vanguard Extended Market Index.

### 3.   Failure to monitor fiduciaries (Count V)

Finally, plaintiffs allege that Schneider failed to monitor its appointed fiduciaries.  A duty to monitor other fiduciaries is derivative of plaintiffs' other claims. Tracey v. Massachusetts Inst. of Tech., 404 F. Supp. 3d 356, 364 (D. Mass. 2019).  Thus, to the extent Count I is dismissed and Count II is dismissed, in part, any claim for failure to monitor arising under 29 U.S.C. § 1104(a)(1)(D) is dismissed as well.

### III. Aon Hewitt's Motion for Partial Relief from Class Certification Stipulation

A week after filing its motion for summary judgment, AHIC filed a motion to obtain partial relief from the class

stipulation (Docket No. 72) filed with the Court on August 27, 2021.

According to AHIC, at least some of the named plaintiffs and proposed class representatives were current Plan participants when the parties submitted the class stipulation. After discovery, however, AHIC learned that the only named plaintiff who remained a Plan participant had withdrawn the balance of his account from the Plan.  Because none of the proposed class representatives are current Plan participants nor Schneider employees, AHIC asserts they have no Article III standing to pursue claims seeking an injunction or other prospective relief.  AHIC contends that any certified class should extend only to claims for monetary relief, not prospective remedies.

Because the Court will allow AHIC's motion for summary judgment and dismiss AHIC from this proceeding, AHIC's motion for partial relief from the class stipulation will be denied as moot.

**ORDER**

For the foregoing reasons,

1. The motion of defendant Aon Hewitt Investment Consulting, Inc. for summary judgment (Docket No. 126) is **ALLOWED;**

2. The motion of defendant Schneider Electric Holdings, Inc. for partial summary judgment (Docket No. 133) is **ALLOWED;** and

3. The motion of defendant Aon Hewitt Investment Consulting, Inc. for partial relief from stipulation regarding class certification (Docket No. 141) is **DENIED AS MOOT.**

**So ordered.**

/s/ Nathaniel M. Gorton
Nathaniel M. Gorton
United States District Judge

Dated January 24, 2023